451 A.2d 527

**Ronald HOLLY, Mary Holly, his wife, Mark Holly and Diane Chamberlain, Appellants,**

v.

**Linda LEWIS.**

Superior Court of Pennsylvania.

Argued Jan. 7, 1982.

Filed Oct. 8, 1982.

Ralph P. Carey, Scranton, for appellants.

John R. Dean, Montrose, for appellee.

Before SPAETH, CAVANAUGH and MONTEMURO, JJ.

SPAETH, Judge:

This is an action for the partition of real estate. The lower court ordered the property—a 290 acre tract—partitioned one sixth to appellee and five sixths to appellants, appellants to hold their part as tenants-in-common. Although appellants have failed to provide "a short conclusion stating the precise relief sought," Pa.R.A.P. 2111(a)(7), we assume from their argument, that the property is not capable of division without prejudice to the whole, that they seek an order vacating the lower court's order and remanding for partition by private sale in accordance with Pa.R.Civ.P. 1563. However, we do not consider appellants' argument, and intimate no opinion as to its merits, for the lower court improperly found that appellants had elected to retain their interest in the property as tenants-in-common. We therefore remand for further proceedings.

Before this dispute arose, Ronald Holly and his wife, Mary, owned an undivided one-half interest in the property, and Sandford Holly, Ronald's brother, owned the remaining one-half interest. On November 29, 1977, Sandford died leaving his interest in the property in equal shares to the children of Ronald and Mary Holly: Diane Chamberlain, Mark Holly, and Linda Lewis. On January 8, 1979, Ronald, Mary, Diane, and Mark filed a complaint for partition against Linda, asking

> that the share or shares to which the respective parties are entitled be set out to them in severalty and that all proper and necessary conveyances and assurances be executed for carrying such partition into effect; and that, if the said real estate cannot be divided without prejudice to or spoiling the whole, such proper and necessary sale or sales

of the same may be made by such persons and in such manner as your Honorable Court may direct . . . .

Complaint # 12(b).

On February 8, 1979, default judgment was taken against Linda, and the lower court directed partition, one half to Ronald and Mary, and one sixth to each of Diane, Mark, and Linda. A master was appointed, a hearing was conducted, and the property was surveyed and appraised. The master found that the property was capable of division, without prejudice to or spoiling the whole, into purparts proportionate in value to the respective interests of the several parties. However, the master did not so divide the property, but instead, divided it into two portions, one portion, a sixth, going to Linda and the other portion, five sixths, to Ronald, Mary, Diane, and Mark, to be held by them as tenants-in-common. The basis of this division was the master's finding that "[o]n December 14, 1979, the Plaintiffs [Ronald, Mary, Diane, and Mark] elected to retain their interests in the real estate as tenants in common. Therefore, the duty of the Master was to set aside Linda Lewis's one-sixth share in the property, if possible." R. 23a. The lower court confirmed the master's report and entered a decree nisi accordingly. Ronald, Mary, Diane, and Mark filed exceptions. When the lower court dismissed the exceptions and made the decree nisi final, Ronald, Mary, Diane, and Mark took this appeal.

The lower court "shall permit the shares of any two or more co-tenants to remain undivided between them if they so elect by writing filed within such time as the court or master shall direct." Pa.R.Civ.P. 1565(a). As noted above, here the master found that appellants did so elect. However, we find no evidence of record to support the master's finding.

The rules distinguish between "property capable of division without prejudice" and "property not capable of division without prejudice." Under Rules 1560, 1561, and 1562, property capable of division without prejudice "shall be divided" in certain ways. Under Rule 1563(a) property not

capable of division without prejudice "shall be offered for private sale confined to the parties," except, however, "as otherwise provided in Subdivision (b)." Rule 1563(b) provides:

> (b) Parties defendant owning a majority in value of the property may object in writing to any sale, requesting that the property be awarded to them at its valuation fixed by the court and that their interests remain undivided. Upon such request the entire property shall be awarded to the parties objecting to sale, as tenants in common, subject to the payment to the parties desiring partition and sale of the amounts of their respective interests based upon the valuation. The amounts due the parties shall be charged as liens upon the property, and be paid in such manner and time as the court may direct.

Here, appellants filed a document entitled "Election of Plaintiffs Under Rule 1563" which read:

TO: PROTHONOTARY

> Pursuant to Rule 1563 (Equity) on behalf of the Plaintiffs, RONALD HOLLY and MARY HOLLY, his wife, and MARK HOLLY and DIANE CHAMBERLAIN, you are hereby notified that the said Plaintiffs request that an Award be made reflecting their interest as tenants in common.

> You are hereby further notified that any plan for division of the real estate, except pursuant to Rule 1563, will be rejected by the Plaintiffs since the real estate in question is not capable of division without prejudice. Any such plan proposed by the Defendant [appellee, Linda Lewis], or the Master, will be rejected by the Plaintiffs, and the division should be made pursuant to Rule 1563. R. 20a.

This document, no doubt, is the document the master had in mind when he found that "plaintiffs elected to retain their interests in the real estate as tenants in common." We cannot accept the finding, however.

In the first place, appellants' election was not under Rule 1565, which, as noted above, provides that co-tenants may elect to have their shares remain undivided. The election was under Rule 1563. And in the second place, the document was a nullity. Under Rule 1563 it is "[p]arties *defendant*" who may file an election; appellants are parties *plaintiff*. Furthermore, Rule 1563 applies only where the property is *not* capable of division without prejudice. Here, the master found, and the lower court confirmed the finding, the property *is* capable of division without prejudice. R. 27a. Rule 1563, therefore, did not come into play at all, and the master should have proceeded under Rules 1560, 1561, and 1562 to divide the property in one of the ways specified in those rules.

We must therefore vacate the final decree and remand so that the master may order a proper division of the property. If he deems it necessary, the master may require further testimony. Any party may then file exceptions to that division ordered by the master, and the case shall proceed accordingly. We are aware that in the exceptions already filed, appellants argued that the property is not capable of division without prejudice, and that the lower court has dismissed those exceptions. It might be held, therefore, that the issue of the capability of division has been resolved against appellants, and that we should now review that issue on its merits. We believe, however, that it will be better to permit appellants again to except to the master's finding that the property is not capable of division without prejudice, for we cannot tell to what extent that finding, and the lower court's confirmation of it, may have been affected by the master's and lower court's mistaken impression that appellants had elected to hold their five sixths interest as tenants-in-common.

The final decree is vacated and the case is remanded for further proceedings consistent with this opinion. Jurisdiction is relinquished.